**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CYNTHIA SMITH,

    *Plaintiff*,                                CASE NO. 10-CV-10700

*v.*                                         DISTRICT JUDGE BERNARD A. FRIEDMAN
                                             MAGISTRATE JUDGE CHARLES E. BINDER

CAMPBELL, Scott
Correctional Facility Intake Officer,

    *Defendant*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**PURSUANT TO 28 U.S.C. §§ 1915A(b), 1915e(2)(B), & 42 U.S.C. § 1997e(c)(1)**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** for failure to state a claim upon which relief may be granted.

**II.    REPORT**

    **A.    Introduction**

Plaintiff Cynthia Smith is a state prisoner who is incarcerated at the Huron Valley Complex Women's Prison in Ypsilanti, Michigan. On February 19, 2010, Plaintiff filed a *pro se* prisoner civil rights complaint pursuant to 42 U.S.C. § 1983, asserting that her constitutional rights were violated. Plaintiff does not specify the basis for her constitutional claim, but for purposes of screening the complaint, I will consider the Fourth Amendment right to bodily privacy and the Eighth Amendment right to not have her serious medical needs met with deliberate indifference as potentially applicable to her claim that she was unreasonably and painfully forced to remove her hair weave while being processed at the Scott Correctional Facility in Plymouth, Michigan.

Plaintiff's application to proceed without prepayment of fees pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1), was granted on April 2, 2010. (Doc. 3.) On July 28, 2010, U.S. District Judge Bernard A. Friedman referred all pretrial matters to the undersigned magistrate judge. After screening the *pro se* complaint pursuant to 28 U.S.C. §§ 1915A(b), 1915e(2)(B), and 42 U.S.C. § 1997e(c)(1), I conclude that the case is ready for Report and Recommendation.

**B.     Governing Law**

This case is subject to screening under several provisions of the United State Code. Pursuant to 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss a case if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

> Further, the law in this circuit is clear that the district court, in performing its initial review, should only consider the complaint and that the plaintiff should not be given the opportunity to amend to avoid *sua sponte* dismissal. *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002); *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

*Baker v. Thomas*, 86 Fed. App'x 906, 909 (6th Cir. 2004). Likewise, a plaintiff may not repair a complaint's fatal deficiencies by correcting them in his or her objections to a report and recommendation. *See Williams v. Lowe*, No. 1:08-CV-375, 2008 WL 5411838, at *1 (W.D. Mich. Dec. 23, 2008). "If a complaint falls within the requirements of § 1915(e)(2) when filed, the district court should *sua sponte* dismiss the complaint." *McGore*, 114 F.3d at 612 (emphasis added).

When the court screens a complaint where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent

standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). Rule 8 requires "that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). However, the "tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, ___U.S.___, 129 S. Ct. 1937, 1949 (2009) (finding assertions that a defendant was the "principal architect" and another defendant was "instrumental" in adopting and executing a policy of invidious discrimination were insufficient to survive a motion to dismiss because they were "conclusory" and thus not entitled to the presumption of truth).

    **C.**    **Analysis and Conclusions**

    **1.**    **Plaintiff's Complaint**

Plaintiff complains that:

> On 12/19/2008 I was transferred to Robert Scott Correctional Facility (MDOC) now located at Women's Huron Valley Complex. At the time of entering MDOC I had weave in my head/hair. The intake officer Ms. Campbell verified the weave in my head/hair, and gave me shampoo to remove this weave. At this time I informed Ms. Campbell shampoo will not remove this particular weave/hair from my scalp/hair. After I was not able to remove the weave from my hair/scalp She [sic] gave me a direct order to rip the weave from my scalp/hair. After obeying the direct order this left me with open sores, bald spots, bleeding, headaches that I'm still suffering to the

present. As of 1-31-10 I still have bald spots where hair does not grow. Discoloration of the scalp which appears to be permanent.

(Doc. 1 at 3.) Plaintiff seeks "compensa[tion] for pain and suffering, medical attention to restore scalp conditions, i.e. (Bald spots, scarring and sores) headaches I still experience as a result of taking the weave out improperly." (*Id.*)

Plaintiff attached to her complaint several grievances, requests for health care, and letters she submitted to the Women's Huron Valley Complex. These documents show that on February 4, 2009, Plaintiff was given two prescription shampoos for her scalp condition. (Doc. 1 at 26.) On March 25, 2009, Plaintiff completed a health care request for a different prescription shampoo because her scalp remained irritated. (Doc. 1 at 4-5.)

On April 2, 2009, Plaintiff filed Step I Grievance # WHVC099040077112E2, wherein she complained that she had kited requests for relief to her bald spots and itchy and inflamed scalp which she continued to suffer because she was "forced to rip out [her] weave by Officer Campbell at intake." (Doc. 1 at 6.) Plaintiff appealed on May 7, 2009, indicating that she "was supposed to be evaluated for [her] scalp on or about 4-14-09 according to Step I grievance response however I was not seen. So now I'm pushing on to Step II." (Doc. 1 at 7.) The Step I response indicated Plaintiff had been seen by the MP on April 6, 2009, and that a follow-up appointment was made for "on or about April 14, 2009" as indicated in Plaintiff's appeal. (Doc. 1 at 8.) The Step II appeal response dated July 31, 2009, summarized the medical care Plaintiff received for her scalp issues and concluded that Plaintiff "is being evaluated, treated, diagnostic testing conducted and monitored by the Medical Practitioner (MP)" and denied Plaintiff's grievance. (Doc. 1 at 20.)

On April 25, 2009, Plaintiff received a response to her medical request kite seeking relief for her scalp problems and was told that she was "scheduled to see the MSP on or about 5/22/09,

4

[and that] you also a a [sic] kite in to MSP for renewal for your Nizoral shampoo, pls watch for call out." (Doc. 1 at 9.) A response to another medical kite sent on May 25, 2009, complaining about headaches not resolving with current medications was responded to on the same day and an appointment with the RN was scheduled for June 1, 2009. (Doc. 1 at 10.)

On June 2, 2009, Plaintiff filed another grievance form (#WHV0900370128B) indicating that she "never received a response for my Step II grievance #HVC0904077112E2 so I am requesting a form for Step III." (Doc. 1 at 11.) This grievance form (WHV200906137628B) was rejected and returned on June 4, 2009, indicating that Plaintiff should have simply filled out the "bottom portion of your step II form you were sent on 5/5/09 for step III appeal." (Doc. 1 at 11-12.) On May 22, 2009, Plaintiff filed a grievance (#WHV200905113512i) indicating that she had seen "N.P. Lange on 5/22/09 [and] was supposed to be evaluated about the itchy-inflamed bald spots on my scalp and the severe headaches associated with the tenderness located on my scalp and bald spots [and that] N.P. Lange was very unprofessional, rude, and refused to renew the prescription shampoo . . . ." (Doc. 1 at 16.) On June 8, 2009, Plaintiff received the Step One grievance response (#WHV200905113512i). (Doc. 1 at 17.) On July 17, 2009, Plaintiff filed a Step II grievance appeal (#WHV200905113512i) complaining that she had not been evaluated by a dermatologist about her bald spots due to the weave having been ripped off her head/scalp. (Doc. 1 at 13-14.) The Step II response indicated that the grievance was rejected because it was already addressed in grievance WHV09040077112e2, that it was duplicative and that the "Department's position has not changed." (Doc. 1 at 15.)

Plaintiff received another Step I response to grievance # WHV0906138212e2 on June 25, 2009, indicating that the "matter was addressed in a previous grievance and is rejected as duplicative." (Doc. 1 at 19.)

5

On July 20, 2009, a Step I response to grievance # WHV0906193512f stated that Plaintiff "was evaluated by the MP and the medication was found not to be medically indicated at the time . . . . [Plaintiff's] disagreement with the medical judgment of the MP does not support her claim that it is a necessity." (Doc. 1 at 22.)

Plaintiff filed another grievance (#WHV090726091212) on July 23, 2009, again complaining of irritated and bald spots on her head/scalp due to her weave having been removed and further complaining that she had not yet been seen by a dermatologist. (Doc. 1 at 23.) The Step I response to this grievance dated September 10, 2009, indicated that the grievance was resolved and that Plaintiff was again "encouraged to follow up with healthcare staff before filing a grievance in the future . . . via the kite process." (Doc. 1 at 24.)

Plaintiff wrote a letter to a Ms. Woods and Ms. Woods responded that Plaintiff was seen on June 24, 2009, and was advised to use "OTC shampoo and scalp massage" and was told that the evaluation revealed "patches (white) but no open sores, no crusts or lesions." (Doc. 1 at 25, 35.) Plaintiff also wrote letters to Keith Barber, ombudsman, on August 21 and 26, 2009, complaining again of her unresolved scalp problems. (Doc. 1 at 27-28, 30-31.) Other letters addressed "to whom it may concern" or simply unaddressed were attached to the complaint. (Doc. 1 at 29, 32-33, 34-35.)

2.     **Fourth Amendment Standards**

I note at the outset that Defendant Campbell was alleged to have committed the initial wrong, i.e., requiring Plaintiff to remove the weave with a special shampoo rather than the proper liquid or loosening agent, while Plaintiff was being processed at Scott's Correctional Facility (Intake). After Defendant Campbell processed Plaintiff, Defendant Campbell apparently never

6

saw Plaintiff again.[1] However, assuming Plaintiff had exhausted her administrative remedies as to her claim against Defendant Campbell, I suggest that she has failed to state a claim upon which relief can be granted.

The Sixth Circuit "has recognized that inmates retain limited rights to bodily privacy under the Fourth Amendment." *Wilson v. City of Kalamazoo*, 127 F. Supp. 2d 855, 860 (W. D. Mich. 2000) (and cases cited therein). Plaintiff does not contend that the prison policy that requires artificial hair to be removed is unconstitutional; rather, Plaintiff complains that the manner in which her hair was required to be removed violated her rights.[2] The question then becomes whether the policy was reasonably carried out. *Powell v. Cusimano*, 326 F. Supp. 2d 322, 336 (D. Conn. 2004). Looking to the allegations of the complaint, Plaintiff contends that Defendant Campbell verified the weave in her head/hair, gave her shampoo to remove this weave but ignored Plaintiff's suggestion that the shampoo would not work and declined to act upon Plaintiff's suggestion that an effective product was available. (Doc. 1 at 3.) Instead, Defendant Campbell required Plaintiff to remove the hair weave with the shampoo given to inmates for that purpose. (*Id*.) I suggest that these assertions fall short of an unconstitutionally unreasonable application or execution of a valid prison policy and therefore suggest that the complaint does not state a Fourth Amendment claim. *Powell*, 326 F. Supp. 2d at 336-37 ("the intentional and needless removal of plaintiff's hair extensions and a portion of plaintiff's natural hair" when plaintiff preferred to remove the extensions himself, did not violate the Fourth Amendment).

---

[1] I note that the documentation summarized above as attached to Plaintiff's complaint concerns action/inaction on the part of various personnel at the Huron Valley Complex. Thus, it is likely that Plaintiff has not properly exhausted administrative remedies as to Defendant Campbell. However, since failure to exhaust is an affirmative defense that must be raised and proven by Defendant, it is expressly not considered here.

[2] If Plaintiff had contended that the prison policy was unconstitutional, it would be her burden to show that the challenged regulation was unreasonable. *Covino v. Patrissi*, 967 F.2d 73, 79 (2nd Cir. 1992).

### 3. Eighth Amendment Standards

I further suggest that Plaintiff's complaint does not state an Eighth Amendment claim. A prisoner's claim of inadequate medical care falls under the Eighth Amendment's provision that "cruel and unusual punishments [shall not be] inflicted." U.S. Const. amend VIII. This amendment requires that convicted prisoners be provided "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399, 69 L. Ed. 2d 59 (1981). "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). However, liability exists "only if [the defendant] knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id*. at 847. Even if a plaintiff's medical treatment was allegedly deficient in some manner, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 105-06, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976).

In cases where an inmate alleges deliberate indifference but the record demonstrates that the inmate received medical attention and is, in essence, filing suit because he disagrees with certain treatment decisions made by the medical staff, the inmate has failed to state a claim under the Eighth Amendment. *See Westlake v. Lucas,* 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."); *McFarland v. Austin*, 196 Fed. App'x 410, 411 (6th Cir. 2006) ("as the record reveals that McFarland has received some medical attention and McFarland's claims involve a mere difference of opinion between him and medical

personnel regarding his treatment, McFarland does not state a claim under the Eighth Amendment"); *White v. Corr. Med. Servs.*, 94 Fed. App'x 262 (6th Cir. 2004) (where the essence of plaintiff's claims was that he disagreed with the defendants' approaches to his medical treatment, dismissal of complaint for failure to state a claim was affirmed); *Selby v. Martin*, 84 Fed. App'x 496, 499 (6th Cir. 2003) ("the record reveals that [plaintiff] not only received a medical evaluation by a nurse and a physician, he also received instructions with regard to daily care of his abrasions. Thus, the record clearly reveals a competent and conscientious course of medical treatment, and [plaintiff's] dissatisfaction with his treatment does not state a claim under the Eighth Amendment").

In the instant case, Plaintiff has not alleged in her complaint, or in the grievances, that Defendant Campbell was deliberately indifferent to her medical needs beyond the initial removal of the hair weave. Although Plaintiff's grievances and other documents attached to the complaint refer to neglect by medical staff at the Huron Valley Complex, these staffers are not named in the caption, only Defendant Campbell is a named Defendant. Even if Plaintiff had named these staffers in the caption of her complaint, Plaintiff clearly acknowledges that she received medical treatment and is filing suit because she disagrees with the treatment she received. I suggest, therefore,, that Plaintiff's disagreement with the shampoo and medications prescribed would not have stated a claim of deliberate indifference under the Eighth Amendment even if the individuals at Huron Valley Complex had been named in the caption and even if the scalp condition can be considered a serious medical need. Therefore, had they been named, I would have further suggested that the claims against them be *sua sponte* dismissed. *See Ali v. Correctional Medical Services, Inc.,* No. DKC-09-0466, 2009 WL 2713948, at *3-4 (D. Md. Aug. 25, 2009) (no deliberate indifference where scalp condition causing spotty baldness, scaling, and redness, even

if a serious medical condition, was treated with prescription cream despite the fact that nine months elapsed between the time the plaintiff informed health care providers that the treatment was no longer working and the time the plaintiff was given access to a specialist who diagnosed and more effectively treated the condition); *Hall v. Pearson*, No. 3:07CV576-HEH, 2009 WL 2421446, at *4-5 (E.D. Va. July 28, 2009) (no deliberate indifference where infected scalp covered with scabs and pustules was treated with various medicines but where the plaintiff was not seen by a dermatologist despite plaintiff's requests to do so); *Richards v. Hemphill,* No. 2:07-cv-762-ftM-29DNF, 2009 WL 1651390, at *6 (M.D. Fla. June 12, 2009) (doubting whether a scalp lesions constitute a serious medical condition but holding that even if it had, there was no deliberate indifference where the plaintiff was provided with a special shampoo and cream).

### 4. Conclusion

Because Plaintiff has failed to state a claim, I suggest that the case be *sua sponte* dismissed.

## III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan*, 474 F.3d at 837; *Frontier Ins. Co.,* 454 F.3d at 596-97. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

                                                      s/ **Charles E. Binder**
                                                      CHARLES E. BINDER
Dated: August 11, 2010                          United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System and served via United States Postal service on the following non-ECF participant: Cynthia Smith #276697, Huron Valley Complex - Women's, 3201 Bemis Road, Ypsilanti, MI 48197.

Date: August 11, 2010                            By     s/Patricia T. Morris
                                                                 Law Clerk to Magistrate Judge Binder